UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DARREL NELSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-1552-RWS |
| | ) |
| **GENE STUBBLEFIELD, et al.,** | ) |
| | ) |
| Defendants. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Darrel Nelson (registration no. 518516) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.82. See 28 U.S.C. § 1915(b)(1). Furthermore, having carefully reviewed the file, the Court finds that plaintiff has failed to state a claim or cause of action for the violation of his constitutional rights and that the complaint should be dismissed as legally frivolous. See 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.

*See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $29.08 and an average monthly account balance of $7.42. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.82 which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, an inmate at the Moberly Correctional Center, seeks monetary and injunctive relief against the City of St. Louis, the St. Louis Justice Center, and eleven individual defendants in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff states that on or about August 31, 2005, while he was working on the prison's cleaning detail, he "reached up toward a shelf of about 6 feet or more." According to plaintiff, "[s]omeone on the previous shift 'neglected' to replace the cap on a bottle of bleach, which fell toward [his] face and eyes," severely injuring his eyes and face. Plaintiff alleges that the St. Louis Justice Center was "negligent" in failing properly to train inmates in the use of hazardous chemicals. He also alleges that the medical department failed to use "great care" and gave him the wrong medication, causing further injury to his eyes. Plaintiff alleges that the incident and the failure properly to treat produced "blindness, severe pain, irritation, and contamination to [his] eyes."

**Discussion**

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint should be dismissed as legally frivolous, because mere negligence does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986)(Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).[1] Moreover, although defendants allegedly failed to flush plaintiff's eyes and prescribed

---

[1] Additionally, plaintiff's claims against defendant St. Louis Justice Center are legally frivolous, because jails are not suable entities. *See Lair v. Norris*, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999)(en

the wrong medication, mere negligence in diagnosing or treating a medical condition does not rise to the level of an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In certain situations, this Court might have jurisdiction over a medical malpractice claim, *see* 28 U.S.C. § 1332 (diversity jurisdiction); however, because complete diversity of citizenship between plaintiff and each defendant is lacking in the instant action, this Court does not have subject matter jurisdiction over plaintiff's claims.[2]

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $5.82 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process

---

banc)(§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit). Furthermore, defendant Gene Stubblefield may not be held liable for damages under § 1983 on the basis of his status as Superintendent of the St. Louis Justice Center. *See Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (*respondeat superior* theory inapplicable in § 1983 suits). Although a municipality, such as defendant City of St. Louis, is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy or custom. *Id*. at 694. There is no such allegation in the complaint against the City of St. Louis.

[2]Subject matter jurisdiction over plaintiff's claims exist, if at all, only in state court.

to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 26 day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE